UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JAVON EVANS,

    Plaintiff,      Case Number: 2:11-CV-10245

v.            HON. NANCY G. EDMUNDS

MARTIN F. PALUS,

    Defendant.
            /

## ORDER OF SUMMARY DISMISSAL

  This matter is pending before the Court on the *pro se* civil rights complaint filed by Plaintiff William Javon Evans. Plaintiff is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). The Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff fails to state a claim upon which relief may be granted.

  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court may *sua sponte* dismiss a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff challenges his parole revocation hearing. Plaintiff was released to parole on February 26, 2008. On January 6, 2009, he was arrested and charged with operating a vehicle under the influence of alcohol and carrying a concealed weapon. Plaintiff was charged with violating his parole. Following a formal parole revocation hearing, Plaintiff was found guilty of four parole violations and his parole was revoked. In the complaint, Plaintiff argues that the fact-finder relied on erroneous and unsubstantiated evidence in reaching his decision.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a prisoner may not challenge the reliability and legality of his confinement under § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. *See also Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

The Sixth Circuit Court of Appeals clarified the correct application of *Heck* in

*Dotson v. Wilkinson*, 329 F.3d 463 (6th Cir. 2003) (en banc), *cert. granted* 124 S. Ct. 1652 (2004). The Sixth Circuit held that, while a prisoner may not challenge a parole proceeding in a § 1983 action where the challenge, if successful, will necessarily imply the invalidity of his continued confinement, a prisoner may challenge a parole proceeding in a § 1983 action where the prisoner:

> does not claim immediate entitlement to parole or seek a shorter sentence but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case, and that challenge will at best result in a new discretionary hearing the outcome of which cannot be predicted.

*Id.*, 329 F.3d at 472. The Sixth Circuit further reasoned:

> [A]n incarcerated person obviously seeks to be released from confinement. A prisoner cares not a whit as to how that happens, but this court must care. We do not read into a legal claim what we know on a human level is realistically there: a prisoner who objects to his confinement may nevertheless raise a section 1983 claim, a legal claim, if his due process rights have been violated and the challenge does not *necessarily* implicate the []validity of his continued confinement.

*Id.* at 472.

In *Dotson*, a prisoner filed a § 1983 claim arguing that his rights were violated when a single parole board member conducted his initial parole hearing rather than the minimum two-member panel required by the Ohio Code. The Court of Appeals held this claim was properly filed under § 1983 because the success of his claim would result in a new hearing, not necessarily in his release on parole. *Id.* at 470-71.

In this case, Plaintiff purports to challenge the procedures used during the parole revocation process rather than the revocation of parole. However, the substance of his

complaint clearly challenges the revocation of parole. The decision revoking his parole has not been invalidated. Thus, Plaintiff's claims are not properly filed under 42 U.S.C. § 1983 and the complaint will be dismissed without prejudice. *Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that cases dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiffs may re-assert their claims if they obtain reversal or expungement of their convictions).

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager